**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| KATHRYN L. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-CV-11 NAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Kathryn Burton's ("Burton") application for disability insurance benefits and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act. Burton alleges disability due to problems with her back, neck, hips, hands, feet, legs, eyes, shoulders, diabetes, mental conditions, breathing conditions, sinus problems, and swelling of her hands. (Tr. 206.) The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 9.] For the reasons set forth, below the Court will affirm the Commissioner's decision.

**I.     Issues for Review**

Burton presents two issues for review. First, Burton states that the administrative law judge ("ALJ") failed to review the evidence regarding her mental impairments in accordance with Social Security regulations. Second, she states that the ALJ's decision fails to cite to any medical evidence from a psychologist or other mental health therapist in support of the mental

limitations in the residual functional capacity ("RFC") assessment.  The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole.

## II.    Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision.  *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994).  Therefore, even if this Court finds that there is a preponderance of evidence against the weight of the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence.  *Clark v. Heckler,* 733 F.2d 65, 68 (8th Cir. 1984).  An administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.  *Gwathney v. Chater,* 1043, 1045 (8th Cir. 1997).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physician;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

## III.    Discussion

Burton contends that the ALJ's disability determination is not supported by substantial evidence, because the ALJ failed to properly evaluate the opinion evidence of psychologist Mark Schmitz and mental health therapist Terri Hoskins and there was no medical evidence to support the RFC determination regarding her mental impairments.

### A.    Residual Functional Capacity and Medical Opinion Standard

RFC is a medical question.  *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments.  20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1]  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).  An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record.  *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

"A disability claimant has the burden to establish her RFC."  *Eichelberger*, 390 F.3d at 591 (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)).  However, the ALJ has an

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.  SSR 96-8p, 1996 WL 374184, at *1.

independent duty to develop the record despite the claimant's burden. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). "Some medical evidence must support the determination of the claimant's RFC." *Eichelberger*, 390 F.3d at 591 (citing *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000)) (internal quotation marks omitted). "[T]he ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace.'" *Id.* (quoting *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2003)).

> Social Security separates information sources into two main groups: *acceptable medical sources* and *other sources.* It then divides *other sources* into two groups: *medical sources* and *non-medical sources. Acceptable medical sources* include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists. According to Social Security regulations, there are three major distinctions between acceptable medical sources and the others: (1) Only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, (2) only acceptable medical sources can provide medical opinions, and (3) only acceptable medical sources can be considered treating sources

*Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (emphasis in original) (internal citations omitted). Medical sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists." 20 C.F.R. §§ 404.1513(d)(1), 416.913(d). "Information from these other sources cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose." SSR 06-03P, 2006 WL 2329939. "[I]nformation from such other sources, [however], may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function. *Id.*; 20 C.F.R. §§ 404.1513(d), 416.913(d). "The case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources . . .who have seen the claimant in their professional capacity." SSR 06-03p.

### B.    ALJ's Findings

The ALJ found that Burton had the severe impairments of impingement syndrome of the right shoulder, early degenerative disc disease of the lumbar spine and hip joints, cervical spondylosis, diabetes, obesity, bronchitis, chronic sinusitis, anxiety, and depression.  (Tr. 12.) The ALJ determined that Burton had the RFC to perform the full range of light work with the following limitations:  (1) no crawling or overhead reaching with right upper extremity, (2) no exposure to extreme cold or heat, (3) no concentrated exposure to pulmonary irritants, (4) no work at unprotected heights or around hazardous machinery, (5) limited to simple routine tasks with occasional superficial non-negotiation type interaction with supervisors or coworkers, and (6) no work with the general public.  (Tr. 15-16.)

### C.    Mr. Schmitz's Opinion Evidence

In his evaluation of the medical opinion evidence, the ALJ gave little weight to the opinion of Mr. Schmitz.  The ALJ stated that Mr. Schmitz was not an acceptable medical source, his opinion was not supported by treatment records, and was inconsistent with his own mental status examination findings.  Mr. Schmitz is a licensed psychologist.  On July 20, 2012, Burton visited Mr. Schmitz for a psychological evaluation to determine her continued eligibility for Medicaid.  (Tr. 690-695.)  Mr. Schmitz's report was his second evaluation of Burton over a two year period of time.  (Tr. 690.)  Mr. Schmitz diagnosed Burton with major depressive disorder, recurrent, severe without psychotic features; panic disorder with agoraphobia[2]; obsessive-compulsive disorder, and posttraumatic stress disorder ("PTSD").  (Tr. 695.)  Mr. Schmitz noted

---

[2] Agoraphobia is marked fear or anxiety about two or more of the following five situations:  (1) using public transportation, (2) being in open spaces, (3) being in closed spaces, (4) standing in line or being in a crowd, or (5) being outside of the home alone.  Diagnostic and Statistical Manual of Mental Disorders 217-218 (5[h] ed. 2013) ("DSM-V").  "When experiencing fear and anxiety cued by such situations, individuals typically experience thoughts that something terrible might happen."  *Id.* at 218.  "Individuals typically believe that escape from such situations might be difficult … or that help might be unavailable.  *Id.*

that Burton's major depressive disorder "appears to have become somewhat worse since [her last evaluation] in September 2011." (Tr. 694.) He also stated that she met criteria for a number of anxiety related diagnoses, including panic disorder with agoraphobia, obsessive-compulsive disorder, and posttraumatic stress disorder in relation to a history of severe abuse. (Tr. 694.) He opined that Burton "continues to have a mental disability which would likely significantly interfere with her ability to successfully maintain employment" and "it is expected that her depression and anxiety would present significant barriers to keeping a job." (Tr. 694-695.) He also stated that her mental disability was "likely to endure for at least the next 13 months." (Tr. 695.)

The Court agrees that the ALJ erred in determining that Mr. Schmitz was not an acceptable medical source. Social Security regulations state that licensed psychologists are acceptable medical sources who can establish an impairment and provide medical opinions. 20 C.F.R. §§ 404.1513(a)(2), 404.1527(a)(2), 416.913(a)(2), 416.927(a)(2). The government contends that the ALJ's error was harmless, because the ALJ had other reasons for rejecting Mr. Schmitz's opinion, including other substantial evidence in the record as a whole did not support his opinion. To show that an error was not harmless, a claimant must provide some indication that the ALJ would have decided differently if the error had not occurred. *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012).

Burton has not shown that the ALJ's error was prejudicial. The Court notes that although the ALJ gave little weight to Mr. Schmitz's opinion evidence, the ALJ still included mental health limitations in the RFC assessment. The RFC determination credited Burton's testimony and Mr. Schmitz's findings regarding Burton's agoraphobia, by limiting her contact with others. Mr. Schmitz's opinion that Burton was disabled and unable to work is not binding on the ALJ for

two reasons. First, a determination by another agency that a claimant is disabled is not binding on the Commissioner. *See* 20 C.F.R. §§ 404.1504, 416.904; *see also Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006) (the ALJ is not bound by the disability rating of another agency when he is evaluating whether the claimant is disabled for purposes of social security benefits). Second, opinions that a claimant is disabled is a determination reserved to the Commissioner and a statement by a medical source that a claimant is disabled or unable to work does not require an automatic determination of disability by the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). Further, Mr. Schmitz's finding of disabling mental impairments contradicts other evidence in the medical record that includes Burton's activities of daily living, very limited mental health treatment, and lack of other evidence in the record that would support a finding of disabling mental impairments. Therefore, the Court finds that the ALJ's error was harmless and the decision to give little weight to Mr. Schmitz's opinion is supported by substantial evidence.

### D.    Terri Hoskins' Opinion Evidence

Next, the ALJ gave little weight to the medical source statement completed by licensed clinical social worker Terri Hoskins, because she is not an acceptable medical source, she evaluated Burton twice, and the opinion was inconsistent with the objective medical evidence and the claimant's treatment history. (Tr. 20.) The record contains treatment notes regarding Burton's therapy sessions with Ms. Hoskins in August 2012. (Tr. 707-712.) According to the Medical Source statement completed by Ms. Hoskins, Burton also visited Ms. Hoskins on September 6, 2012. (Tr. 714.) Ms. Hoskins diagnosed Burton with panic disorder with agoraphobia, PTSD, obsessive compulsive disorder, and major depressive disorder, recurrent. (Tr. 709, 711.) During the mental status examination on August 22, 2012, Ms. Hoskins observed Burton's behavior as nervous, with restless psychomotor behaviors, anxious affect, and an

anxious, irritable, and depressed mood. (Tr. 711.) Ms. Hoskins also noted that Burton exhibited appropriate speech, cooperative attitude, and fair reasoning, insight, and judgment. (Tr. 711.) At both August 2012 sessions, Burton denied any homicidal or suicidal ideations. (Tr. 707-708,711.) Hoskins' medical source statement opined that Burton had poor or no ability to relate to co-workers; deal with the public; deal with work stresses; maintain attention or concentration; understand, remember, and carry out detailed or complex instructions; behave in an emotionally stable manner; relate predictably in social situations; and demonstrate reliability. (Tr. 713-714.)

The ALJ properly determined that Ms. Hoskins was not an acceptable medical source, but the ALJ must consider Hoskins' medical source statement in determining the severity of Burton's impairments. The ALJ gave other reasons for giving little weight to Hoskins' opinion. First, there is a very short treatment history with Burton before she completed the medical source statement. Two or three visits is not enough time to develop a longitudinal picture of a claimant's medical impairments. *See e.g. Randolph v. Barnhart,* 386 F.3d 835, 840 (8th Cir. 2004) (three visits insufficient to formulate an opinion of claimant's ability to function in the workplace). Also, Burton did not have any mental health treatment until she began visiting Hoskins in August 2012. Her activities of daily living and the lack of other evidence demonstrating disabling mental impairments also supported the ALJ according little weight to Ms. Hoskins' opinion. The ALJ accounted for some of the limitations in Ms. Hoskins' medical source statement by limiting Burton to simple, routine tasks and limiting her contact with supervisors, co-workers, and the general public. (Tr. 16, 714-715.)

E.    RFC Determination

Finally, the ALJ does not have to rely solely on the opinion of a psychologist or mental health therapist to complete the RFC. "The ALJ is not required to rely entirely on a particular

physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). As stated before, the RFC determination is based on all of the evidence in the record as a whole. Based on the evidence in the record as a whole, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

## IV.    Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only 'enough that a reasonable person would find it adequate to support the decision,' and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) (internal citations omitted). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently. *Id.* If, after reviewing the record, the Court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009). Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the request for relief in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 20.]

**IT IS FURTHER ORDERED** that the hearing date previously set in this matter for November 19, 2014 is **VACATED**. [Doc. 28.]

**IT IS FURTHER ORDERED** that judgment will be entered in favor of the Defendant in a separate order.

Dated this 12th day of November, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE